KATHRYN N. NESTER (UT #13967)
NESTER LEWIS PLLC
40 S 600 E
Salt Lake City, UT 84102
(801) 535-4375
kathy@nesterlewis.com

*Attorney for Patricia Orozco-Cuello*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>PATRICIA OROZCO-CUELLO,<br><br>  Defendant. | MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND TO SET A NEW TRIAL DATE<br><br>Case No. 2:25-cr-00123-CW<br><br>Honorable Clark Waddoups |

COMES NOW Defendant Patricia Del Carmen Orozco-Cuello, pursuant to the Speedy Trial Act and DUCrimR 12-1(l), and respectfully moves this Honorable Court to continue her trial for 90 additional days and to reset the motion deadline accordingly in the above-styled matter. In making this request, Ms. Orozco-Cuello is waiving her right to a speedy trial and acknowledging that all time elapsing between the filing of this motion and the new trial date will be excluded from her time calculation pursuant to the Speedy Trial Act. This motion is filed in accordance with

18 U.S.C. § 3161, DUCrim 12-1(l), and *United States v. Toombs*, 574 F.3d 1261 (10th Cir. 2009). The grounds in support of this motion are as follows:

1. Ms. Orozco-Cuello appeared in Court on April 17, 2025, for her arraignment on the Indictment returned in this matter, and the jury trial was scheduled for June 20, 2025. This is the first motion to continue in this case.

2. The trial of this matter cannot be completed within the time set by the court for the following specific reasons:

    a. This is a complex matter involving significant amounts of discovery. All parties need additional time to review the disclosed materials.

    b. Proceeding to trial without giving defense counsel an opportunity to fully discuss any proposed plea agreements with Ms. Orozco-Cuello would deny counsel for the defendant the reasonable time necessary for effective representation, taking into account the exercise of due diligence, and would result in a miscarriage of justice.

3. Section 3161(h) of Title 18 of the United States Code excludes certain periods of time in calculating the 70 days until a speedy trial is due. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth . . . either orally or in writing, its reasons" for the finding. *Id*. The court "shall consider" the following factors, "among others":

>  (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
>  …
>
>  (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.
>
>  U.S.C. § 3161(h)(7)(B)(i,iv).

4. Based on paragraphs 1-2 above, the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial and a continuance of 90 days is justified.

5. For purposes of computing the date under the Speedy Trial Act by which the Defendant's trial must commence, Ms. Orozco-Cuello agrees that the time period from today to the new trial date, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), and (B)(iv) because the delay results from a continuance granted by the Court at the Defendant's request, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would deny defense counsel the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence.

For these reasons, Ms. Orozco-Cuello moves to continue the jury trial currently set for June 20, 2025, to a new date no sooner than 90 days from now and to exclude time from speedy trial calculations because the ends of justice served by granting the continuance outweigh the interests of the public and the Defendant in a speedy trial and require further continuance of trial in this case.

DATED this 2nd day of June, 2025.

/s/ *Kathryn N. Nester*
Kathryn N. Nester
Attorney for Patricia Orozco-Cuello